UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GONZALO RAMOS,                                                           Civil Action No.

                                   Plaintiff,

        -against-

IRVING FARM COFFEE CO., INC.,
IRVING FARM COFFEE HOLDING, CORP.,
STEVEN LEVEN, and DAVID ELWELL,

                                   Defendants.
-----------------------------------------------------------------X

## COMPLAINT

        Plaintiff, GONZALO RAMOS ("Plaintiff"), as and for his Complaint against Defendants,

IRVING FARM COFFEE CO., INC., IRVING FARM COFFEE HOLDING, CORP., STEVEN

LEVEN, and DAVID ELWELL (hereinafter, "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

        1.      Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the

"FLSA"), 29 U.S.C. §§ 201 et seq., Articles 6 and 19 of the New York Labor Law (hereinafter,

"NYLL"), and the New York Codes, Rules, and Regulations Parts 142 and 146 (hereinafter, the

"Regulations") to recover unpaid overtime compensation and for other relief.

        2.      Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the

FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

        3.      The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part

of the same case or controversy.

1

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

**PARTIES**

5.      Plaintiff was employed by Defendants as a dishwasher from on or about May 2012 until on or about July 9, 2018.

6.      Upon information and belief, Defendant Irving Farm Coffee Co., Inc. (hereinafter, "Irving") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.      Upon information and belief, Defendant Irving Farm Coffee Holding, Corp. (hereinafter, "Irving Holding") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Upon information and belief, Defendant Steven Leven (hereinafter, "Leven") is a resident of the State of New York.

9.      Upon information and belief, Defendant David Elwell (hereinafter, "Elwell") is a resident of the State of New York.

10.     Upon information and belief, Defendants own and operate an Irving Farms Coffee Roasters coffee house located at 224 West 79th Street, New York, New York 10024.

11.     At all relevant times, Defendants Leven and Elwell were and still are the owners and corporate officers of Defendants Irving and Irving Holding. Upon information and belief, at all times relevant, Defendants Leven and Elwell exercised operational control over Defendants Irving and Irving Holding, controlled significant business functions of Defendants Irving and Irving Holding, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendants Irving and Irving Holding in devising, directing, implementing, and

supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Defendants Leven and Elwell have been employers under the FLSA and the NYLL.

## FACTS

12.     At all times relevant to this action, Plaintiff was employed as a dishwasher for the benefit of and at the direction of Defendants at their coffee house.

13.     Throughout his employment with Defendants, Plaintiff's primary duty was to wash dishes.

14.     From on or about July 8, 2012 until on or about May 30, 2015, Plaintiff worked Monday through Friday from 6:00 a.m. until 3:00 p.m. and on Sunday from 7:00 a.m. until 3:00 p.m.

15.     During this time, Plaintiff did not receive and did not take any uninterrupted meal breaks longer than fifteen (15) minutes.

16.     During this time, Plaintiff worked fifty-three (53) hours per week.

17.     From on or about May 31, 2015 until on or about December 30, 2017, Plaintiff worked Monday through Friday from 6:00 a.m. until 3:00 p.m.

18.     During this time, Plaintiff did not receive and did not take any uninterrupted meal breaks longer than fifteen (15) minutes.

19.     During this time, Plaintiff worked forty-five (45) hours per week.

20.     From on or about July 8, 2012 until on or about December 30, 2017, Defendants paid Plaintiff an hourly rate of pay.

21.     From on or about July 8, 2012 until on or about December 30, 2017, Defendants paid Plaintiff in cash.

22.     From on or about July 8, 2012 until on or about December 30, 2017, Defendants paid Plaintiff straight time for all of the hours that he worked.

23.     From on or about July 8, 2012 until on or about December 30, 2017, Defendants did not pay Plaintiff overtime compensation for any hours that he worked in excess of forty (40) hours each week.

24.     From on or about July 8, 2012 until on or about December 30, 2017, Defendants did not pay Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours per week.

25.     From on or about July 8, 2012 until on or about December 30, 2017, Plaintiff punched in at the beginning of his shifts and punched out at the end of his shifts.

26.     Upon information and belief, Defendants are in possession of time records for the hours that Plaintiff worked each week.

27.     Defendants failed to provide Plaintiff with a notice and acknowledgment of pay rate and pay day, or any other type of wage notice, at the time of his hiring, or at any time thereafter, as required by NYLL § 195(1).

28.     Defendants failed to provide Plaintiff with accurate earnings statements, paystubs, cash receipts, or any other type of wage statement along with his weekly paycheck, as required by NYLL § 195(3).

29.     Defendants Leven and Elwell participated in the decision to hire Plaintiff.

30.     Defendants Leven and Elwell participated in the decision to fire Plaintiff.

31.     Defendants Leven and Elwell participated in the daily supervision of Plaintiff's duties.

32.     Defendants Leven and Elwell participated in setting Plaintiff's work schedule.

33.     Defendants Leven and Elwell participated in deciding the manner in which Plaintiff was paid during his employment.

34.     Defendants Leven and Elwell participated in running the day-to-day operations of Defendants Irving and Irving Holding during Plaintiff's employment.

35.     Defendants Leven and Elwell participated in deciding the hours that Plaintiff worked each week during his employment.

36.     Defendants Leven and Elwell participated in deciding the job duties that Plaintiff performed on a daily basis during his employment.

37.     Defendants managed Plaintiff's employment, including the amount of overtime worked.

38.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

39.     Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of wages to which he was entitled for this work time under the law.

40.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**FAILURE TO COMPENSATE FOR OVERTIME**

41.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

42.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in

5

an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

43.     Defendants were and are subject to the overtime pay requirements of the FLSA because each Corporate Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

44.     At all times relevant to this Complaint, the Corporate Defendants had, and continue to have, two or more employees handle goods or materials that have moved in interstate commerce.

45.     Upon information and belief, the gross annual volume of sales made or business done by each Corporate Defendant for the years 2017, 2016, and 2015 was not less than $500,000.00.

46.     At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

47.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

48.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

49.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

50.     However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

51.     Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

52.     Defendants have not acted in good faith with respect to the conduct alleged herein.

53.     As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

54.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

55.     At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

56.     Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

57.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Articles.

58.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty (40) hours a week for Defendants.

59.     Plaintiff was not exempt from the overtime provisions of the New York Labor Articles, because he did not meet the requirements for any of the reduced number of exemptions

available under New York law.

60.     Defendants have acted willfully and have either known that their conduct violated

the New York Labor Articles or have shown a reckless disregard for the matter of whether their

conduct violated the New York Labor Articles. Defendants have not acted in good faith with

respect to the conduct alleged herein.

61.     As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and

loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and

costs of litigation, pursuant to the NYLL.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

62.     Plaintiff reasserts and realleges the allegations set forth in each of the above

paragraphs as though fully set forth herein.

63.     Defendants willfully failed to furnish Plaintiff with wage notices during his

employment, including upon hiring, as required by NYLL § 195(1), in English or in the language

identified by Plaintiff as his primary language, which were to contain, among other things,

Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as

an employer in accordance with NYLL § 191; the name of the employer; any "doing business as"

names used by the employer; the physical address of the employer's main office or principal place

of business, and a mailing address if different; the telephone number of the employer; and

Plaintiff's regular hourly rates of pay and overtime rates of pay.

64.     Through their knowing and intentional failure to provide Plaintiff with the wage

notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the

supporting New York Labor Articles.

65.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

66.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

67.     Defendants willfully failed to provide Plaintiff accurate written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

68.     Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting New York Labor Articles.

69.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Declare and find that Defendants committed one or more of the following

       acts:

     1.    Violated provisions of the FLSA by failing to pay overtime
        compensation to Plaintiff;

     2.    Willfully violated the provisions of the FLSA;

     3.    Violated the provisions of the NYLL by failing to pay
        overtime compensation to Plaintiff;

     4.    Willfully violated the applicable provisions of the NYLL;

     5.    Violated the provisions of the NYLL by failing to provide
        Plaintiff with wage notices and wage statements;

B.    Award compensatory damages, including all overtime compensation

       owed, in an amount according to proof;

C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

D.    Award interest on all NYLL overtime compensation and other

       compensation due accruing from the date such amounts were due;

E.    Award all costs, attorney's fees incurred in prosecuting this action, and

       statutory penalties under the NYLL; and

F.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       July 13, 2018

                                           _____

                                           Neil H. Greenberg, Esq.
                                           Neil H. Greenberg & Associates, P.C.
                                           *Attorneys for the Plaintiff*
                                         4242 Merrick Road
                                         Massapequa, New York 11758
                                         Tel: 516.228.5100
                                         nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Irving Farm Coffee Co., Inc., Irving Farm Coffee Holding, Corp., Steven Leven, and David Elwell** y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Irving Farm Coffee Co., Inc., Irving Farm Coffee Holding, Corp., Steven Leven, and David Elwell** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

Date/Fecha: 7/11/18

Gonzalo Ramos M.

Gonzalo Ramos